IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:14-CR-166-D

| UNITED STATES OF AMERICA | ) |
| --- | --- |
|  | ) |
| v. | ) |
|  | ) |
| HOWARD GOLDSMITH | ) |

**AMENDED PRELIMINARY ORDER AND JUDGMENT OF FORFEITURE**

WHEREAS, pursuant to the entry of the Memorandum of Plea Agreement entered into by the defendant, Howard Goldsmith, on October 1, 2014, the following property is hereby forfeitable pursuant to 18 U.S.C. §§ 981(a)(1)(C), (as made applicable by Title 28, United States Code, Section 2461), to wit:

(A) **REAL PROPERTY**, including the following:

| County | Book | Page | Property Address | City State |
| --- | --- | --- | --- | --- |
| Wake | 13694 | 1792 | 1825 Heisser LN (Lot#363) | Fuquay Varina NC |
| Durham | 5731 | 939-942 | 650 Ganyard Farms WY (Unit #2, Parcel #207298) | Durham NC |
| Durham | 5731 | 939-942 | 650 Ganyard Farms WY (Unit #4, Parcel #207299) | Durham NC |
| Durham | 5731 | 939-942 | 650 Ganyard Farms WY (Unit #6, Parcel #207300) | Durham NC |
| Durham | 5731 | 939-942 | 650 Ganyard Farms WY (Unit #8, Parcel #207301) | Durham NC |
| Durham | 5731 | 939-942 | 650 Ganyard Farms WY (Unit #10, Parcel #207302) | Durham NC |
| Durham | 5731 | 939-942 | 650 Ganyard Farms WY (Unit #13, Parcel #207333) | Durham NC |
| Durham | 5731 | 939-942 | 650 Ganyard Farms WY (Unit #35, Parcel #207322); and | Durham NC |

1

(B) **CURRENCY** in the amount of **$1,050,400.50**, representing proceeds from the sale of real property from October, 2006 through February, 2009 of offenses stated in the Information; and

(C) $48,808.72 being the net proceeds of the sale of the real property located at 1809 Heisser LN (Lot #366), Fuquay Varina, NC, and more specifically described in that deed located in Book 13694, Page 1792 of the Wake County Registry, and the real property located at 1817 Heisser LN (Lot #364), Fuquay Varina, NC, and more specifically described in that deed located in Book 13694, Page 1792 of the Wake County Registry have been sold by the defendant, Howard Goldsmith, and substituted for the tracts of real property sold.

WHEREAS, by virtue of said Memorandum of Plea Agreement, the United States is now entitled to possession of said property, pursuant to 18 U.S.C. § 981(a)(1)(C), (as made applicable by Title 28, United States Code, Section 2461).

It is hereby ORDERED, ADJUDGED and DECREED:

1. That based upon the Memorandum of Plea Agreement as to the defendant, Howard Goldsmith, the United States is hereby AUTHORIZED to seize the above-stated property, and it is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n),

as allowed by Fed. R. Crim. P. 32.2(b)(3). In addition, JUDGMENT is entered for the amount of the gross proceeds, that is, **$1,050,400.50,** as allowed by Fed. R. Crim. P. 32.2(b)(2)(A). In accordance with Fed. R. Crim. P. 32.2(b)(4)(A), this Order and Judgment is final as to the defendant upon entry.

2. That upon sentencing and issuance of the Judgment and Commitment Order, the Clerk of Court is directed to incorporate a reference to this Order and Judgment of Forfeiture in the applicable section of the Judgment, as required by Fed. R. Crim. P. 32.2(b)(4)(B).

3. With regard to the personal property only, pursuant to 21 U.S.C. § 853(n), the United States shall publish notice of this Order and of its intent to dispose of the property in such manner as the Attorney General, the United States Department of Treasury, or the Director of the U. S. Department of Homeland Security directs, by publishing and sending notice in the same manner as in civil forfeiture cases, as provided in Supplemental Rule G(4). Any person other than the defendant, having or claiming any legal interest in the subject property must file a petition with the Court within 30 days of the publication of notice or of receipt of actual notice, whichever is earlier.

The petition must be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the

petitioner's right, title, or interest in the subject property, and must include any additional facts supporting the petitioner's claim and the relief sought.

4. That upon adjudication of all third party interests this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853, as required by Fed. R. Crim. P. 32.2(c).

5. That to the extent said substitute property is adequate to substitute for the judgment, the United States shall promptly file a Satisfaction of Judgment to the extent it is so satisfied.

SO ORDERED. This **18** day of **August**, 2015.

*James Dever*
JAMES C. DEVER III
Chief United States District Judge

4